**UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Airman First Class NATHANIAL A. TESSNER**
**United States Air Force**

**ACM 38514**

**22 October 2014**

Sentence adjudged 15 November 2013 by GCM convened at Yokota Air Base, Japan. Military Judge: Gregory O. Friedland (sitting alone).

Approved Sentence: Dishonorable discharge, confinement for 18 months, forfeiture of all pay and allowances, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Michael A. Schrama.

Appellate Counsel for the United States: Major Roberto Ramírez; Major Daniel J. Breen; and Gerald R. Bruce, Esquire.

Before

SARAGOSA, HECKER, and TELLER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

SARAGOSA, Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one charge and two specifications of possession of child pornography, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The military judge sentenced the appellant to a dishonorable discharge, confinement for 3 years, forfeiture of all pay and allowances, and reduction to E-1. Pursuant to a pretrial agreement, the convening authority approved only 18 months of confinement and otherwise approved the remainder of the sentence as adjudged.

On appeal, the appellant raises two issues: 1) the staff judge advocate erred when he did not correct appellant's term of service on the personal data sheet (PDS) presented to the

convening authority prior to action, and 2) the addendum to the staff judge advocate's recommendation erroneously failed to address the appellant's raised legal errors. We find no error materially prejudicial to a substantial right of the appellant, and we affirm the findings and sentence.

## *Background*

The appellant entered active duty on 26 April 2011. Beginning in late June 2011 and continuing throughout the charged time frame, the appellant downloaded multiple digital images and videos of child pornography from the peer to peer program LimeWire. He organized and stored these images on both a Western Digital external hard drive and on a 16 gigabyte memory card.

## *Post-Trial Processing*

The appellant alleges that the staff judge advocate erred when he failed to correct the appellant's PDS reflecting his term of service and when he did not comment on legal error raised by the appellant in his clemency submission.

Proper completion of post-trial processing is a question of law, which this court reviews de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). Failure to timely comment on matters in the staff judge advocate's recommendation (SJAR), or matters attached to the recommendation, forfeits [1] any later claim of error in the absence of plain error. Rule for Courts-Martial 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). "To prevail under a plain error analysis, [the appellant bears the burden of showing] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *Id.* (quoting *Kho*, 54 M.J. at 65). Although the threshold for establishing prejudice in this context is low, the appellant must nonetheless make at least some "colorable showing of possible prejudice in terms of how the [perceived error] potentially affected [his] opportunity for clemency." *Id.* at 437.

An error in a post-trial SJAR to the convening authority, however, "does not result in an automatic return by the appellate court of the case to the convening authority." *United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). "Instead, an appellate court may determine if the accused has been prejudiced by testing whether the alleged error has any

---

[1] Rule for Courts-Martial 1106(f)(6) and *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) both indicate that *waiver* occurs when counsel fails to comment on matters in the staff judge advocate's recommendation. However, our superior court's decision in *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) recognizes that military courts had failed to "consistently distinguish between the terms 'waiver' and 'forfeiture.'" *Gladue* held that waiver is the "intentional relinquishment or abandonment of a known right," which precludes appellate review of an issue, while forfeiture is "the failure to make the timely assertion of a right" leading to plain error review on appeal (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)) (internal quotation marks omitted). Following *Gladue*, the term "forfeiture" should generally characterize the effect of a failure to timely comment on matters in the staff judge advocate's recommendation. *See United States v. Parker*, __ M.J. __ ACM 38384 (A.F. Ct. Crim. App. 15 October 2014) (stating that the appellant forfeited, rather than waived, a claim that erroneous information was attached to the staff judge advocate's recommendation).

merit and would have led to a favorable recommendation by the SJA or corrective action by the convening authority." *Id.*

The PDS provided to the convening authority erroneously listed a four-year term of service, when it should have reflected a six-year term of service.[2] The Government does not contest the error, but rather contends the appellant was not materially prejudiced. We agree that the PDS attached to the SJAR and provided to the convening authority contained an error in the appellant's term of service.

However, we find no prejudice to the appellant arising from the inaccurate reporting of the length of his term of service. Given the nature of the offenses in this case, the short period of time the appellant served on active duty prior to committing the offenses, and the length of time during service on active duty that the offenses were ongoing, we find this error insignificant and not of the nature to raise any possibility that the convening authority might have taken a more favorable action had the term of service properly reflected six years instead of four. Therefore, the appellant is not entitled to any relief.

The appellant next asserts that his sentence severity assertion in his clemency request raised a legal error that was not addressed in the SJAR. The Government contends the appellant's comments do not raise a legal error but simply set forth his prayer for clemency.

We do not find the addendum to the SJAR failed to address legal errors. "The purpose of the recommendation . . . is to assist the convening authority to decide what action to take on the sentence in the exercise of command prerogative." Rule for Courts-Martial (R.C.M.) 1106(d)(1). "Therefore, '[t]he staff judge advocate or legal officer is not required to examine the record for legal errors,' though he must respond to any suggestion of legal error that is raised by the accused and must state whether, in his opinion, corrective action is required." *United States v. Diaz*, 40 M.J. 335, 341 (C.M.A. 1994) (quoting R.C.M. 1106(d)(4)). First, we do not find that a prayer for clemency is the same as raising a legal error. Second, even if such a clemency request for something less than dishonorable discharge did amount to a claim of legal error, R.C.M. 1106(d)(4) does not require a staff judge advocate to provide "[a]n analysis or rationale" in response to such an allegation of legal error, instead only "a statement of agreement or disagreement" is sufficient. Here, the addendum to the SJAR recommended approval of the sentence as adjudged with the exception of the confinement which would comply with the terms of the pretrial agreement. That recommendation is tantamount to a statement of disagreement that the dishonorable discharge was too severe. We find no error.

---

[2] The same error was contained on the personal data sheet (PDS) offered by the Government at trial. After the military judge pointed out that the charge sheet reflected a six year term of service, trial counsel made a pen-and-ink correction to the PDS. However, the incorrect PDS was attached to the staff judge advocate's recommendation.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

ACM 38514