# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Airman First Class LEWIS K. ANDERSON JR.
## United States Air Force

## ACM 38356

## 06 November 2014

Sentence adjudged 2 April 2013 by GCM convened at Joint Base McGuire-Dix-Lakenhurst, New Jersey. Military Judge: Francisco Mendez (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 235 days, and reduction to E-1.

Appellate Counsel for the Appellant: Major Thomas A. Smith.

Appellate Counsel for the United States: Major Daniel J. Breen and Gerald R. Bruce, Esquire.

Before

HECKER, WEBER, and KIEFER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

KIEFER, Judge:

A general court-martial composed of a military judge sitting alone convicted the appellant, in accordance with his pleas, of wrongful use of D-amphetamine, wrongful use of heroin on divers occasions, and wrongful use of cocaine, all in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. The appellant was sentenced to a bad-conduct discharge, confinement for 235 days, and reduction to E-1. The convening authority approved the sentence as adjudged.

The appellant raises one assignment of error in this appeal: whether the failure of the staff judge advocate (SJA) to annotate a period of pretrial restraint in the SJA's recommendation (SJAR) constitutes error for which relief must be granted. Finding no error materially prejudicial to the substantial rights of the appellant, we affirm.

*Background*

On 29 March 2013, the appellant's commander restricted him to Joint Base McGuire-Dix-Lakenhurst, New Jersey. The appellant remained restricted to base until his court-martial on 2 April 2013.[1]

The first mention on the record of the appellant being restricted to base was in the initial presentencing session when the military judge asked about illegal pretrial punishment. At that time, trial defense counsel indicated the appellant had been restricted to base from 29 March 2013 to 2 April 2013.[2] The military judge then directed a pen and ink change to the charge sheet, with no objection from trial defense counsel, but the personal data sheet was not correspondingly amended.

The military judge indicated he would consider the period of pretrial restraint in his deliberations on sentence.[3] The appellant was then sentenced to 235 days confinement, and he entered post-trial confinement that same day.

During clemency, the period of pretrial restraint to base was not included in the personal data sheet attached to the SJAR that was submitted to the convening authority. The Government does not dispute that there was a period of pretrial restraint or that the SJAR failed to include information about the base restriction. The Government instead argues that the appellant did not object to the SJAR, and the period of pretrial restraint is so short it would not have had any impact on clemency even if expressly identified in the SJAR.

*Discussion*

Proper completion of post-trial processing is a question of law, which this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)).

---

[1] The period of confinement is referred to as five days in the trial transcript as well as the briefs of counsel. The day of post-conviction confinement, however, is generally not counted as a day of pretrial restraint. *See United States v. Oliver*, 56 M.J. 779, 781–82 (A.F. Ct. Crim. App. 2002). Accordingly, the period of pretrial restraint at issue is four days.

[2] The military judge then continued with a discussion of illegal pretrial punishment in violation of Article 13, UCMJ, 10 U.S.C. § 813, and secured responses from the appellant and counsel for both parties that there was no illegal pretrial punishment. Similarly, the defense did not allege the appellant's restriction was tantamount to confinement. Allegations of conditions tantamount to confinement must be raised by the defense and litigated at trial. *United States v. King*, 58 M.J. 110, 114 (C.A.A.F. 2003) (failure to seek credit for pretrial restriction tantamount to confinement constitutes waiver of that issue in the absence of plain error).

[3] The defense asked the military judge to consider those facts on the matter of sentence, and the military judge agreed he would do so.

Failure to timely comment on matters in the SJAR, or matters attached to the recommendation, forfeits[4] any later claim of error in the absence of plain error. Rule for Courts-Martial (R.C.M.) 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). *See also United States v. Parker*, __ M.J. ___ ACM 38384 (A.F. Ct. Crim. App. 15 October 2014). "To prevail under a plain error analysis, [the appellant bears the burden of showing] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65). Although the threshold for establishing prejudice in this context is low, the appellant must nonetheless make at least some "colorable showing of possible prejudice in terms of how the [perceived error] potentially affected [his] opportunity for clemency." *Id.* at 437.

After being served with the SJAR, the defense submitted clemency matters. Neither the appellant nor his trial defense counsel objected to any aspect of the SJAR nor did they reference the fact that the appellant had been restricted to base prior to trial. Such failure to note any objections in the clemency submissions constitutes a forfeiture of the appellant's right to challenge the SJAR's failure to reference any pretrial restraint.

Finding the issue forfeited, we next analyze whether the failure to include the pretrial restraint in the SJAR was plain error. While R.C.M. 1106(d)(3) no longer requires the SJAR to include any period of pretrial restraint, any information that is provided to the convening authority must be accurate. The SJAR did not merely fail to mention the appellant's period of pretrial restraint; it specifically indicated pretrial restraint had not been imposed. Therefore, the SJA committed plain error.

However, the fact that the SJA erred in his recommendation to the convening authority does not automatically warrant relief. An error in a post-trial SJAR to the convening authority "does not result in an automatic return by the appellate court of the case to the convening authority." *United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). Instead, we have the authority to test whether any "alleged error has any merit and would have led to a favorable recommendation by the SJA or corrective action by the convening authority." *Id.*

In this instance, the approved sentence was a bad-conduct discharge, confinement for 235 days, and reduction to E-1. We find that even if the convening authority had

---

[4] Rule for Courts-Martial 1106(f)(6) and *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) both indicate that *waiver* occurs when counsel fails to comment on matters in the staff judge advocate's recommendation. However, our superior court's decision in *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009) recognizes that military courts had failed to "consistently distinguish between the terms 'waiver' and 'forfeiture.'" *Gladue* held that waiver is the "intentional relinquishment or abandonment of a known right," which precludes appellate review of an issue, while forfeiture is "the failure to make the timely assertion of a right" leading to plain error review on appeal (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)) (internal quotation marks omitted). Following *Gladue*, the term "forfeiture" should generally characterize the effect of a failure to timely comment on matters in the staff judge advocate's recommendation. *See United States v. Parker*, __ M.J. __ ACM 38384 (A.F. Ct. Crim. App. 15 October 2014) (stating that the appellant forfeited, rather than waived, a claim that erroneous information was attached to the staff judge advocate's recommendation).

been informed of the pretrial restraint, it would not have impacted the approved sentence. There is no reason to believe the convening authority would have granted clemency just because the appellant had been restricted to base for four days leading up to trial.[5] The failure to raise the pretrial restraint issue during clemency also strongly suggests that the defense did not view the restriction to base as a significant matter in clemency.

Accordingly, while it was error to not include accurate information about the period of pretrial restraint in the SJAR, the appellant suffered no prejudice from this error.

*Conclusion*

The approved findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), 10 U.S.C. 859(a), 866(c). Accordingly, the approved findings and the sentence are **AFFIRMED**.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court

---

[5] The appellant's pleas were pursuant to a pretrial agreement in which the convening authority agreed to disapprove any confinement in excess of 12 months.