# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

## Senior Airman MICHAEL B. BRADFORD
### United States Air Force

## ACM S32288

## 7 June 2016

Sentence adjudged 5 November 2014 by SPCM convened at Joint Base Charleston, South Carolina. Military Judge: Lynn Watkins.

Approved Sentence: Bad-conduct discharge, confinement for 3 months, and forfeiture of $1,618.00 pay per month for 3 months.

Appellate Counsel for the Appellant: Major Jeffrey A. Davis.

Appellate Counsel for the United States: Captain Collin F. Delany and Gerald R. Bruce, Esquire.

Before

ALLRED, MITCHELL, and MAYBERRY
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under Rule of Practice and Procedure 18.4.

ALLRED, Chief Judge:

At a special court-martial composed of officer and enlisted members, Appellant was found, in accordance with his pleas, guilty of wrongful use of marijuana, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a, and not guilty of wrongful use of methamphetamine. He was sentenced to a bad-conduct discharge, confinement for 3 months, and forfeiture of $1,618.00 pay per month for 3 months.

Before us, Appellant contends that (1) trial counsel made improper argument and engaged in prosecutorial misconduct by misstating the evidence during sentence

proceedings, (2) the staff judge advocate's recommendation (SJAR) failed to adequately address improper argument by trial counsel, and (3) the sentence is inappropriately severe. Finding that trial counsel engaged in improper sentencing argument, we reassess the sentence in this case.

*Background*

Appellant provided a urine sample which tested positive for tetrahydrocannabinol (THC) and methamphetamines. At trial, Appellant did not challenge the test results indicating the presence of both THC and methamphetamines in his urine. Appellant admitted to using marijuana, but presented evidence that he had innocently ingested methamphetamine and was acquitted of using that drug. During sentencing proceedings, the Government properly introduced evidence that Appellant received punishment under Article 15, UCMJ, 10 U.S.C. § 815, for another instance of marijuana use.

*I. Sentencing Argument and Prosecutorial Misconduct*

We approach Appellant's claims of improper argument and prosecutorial misconduct by noting that the following sequence of events is not disputed by the parties: First, between about 16 May 2014 and 6 June 2014, Appellant used marijuana (first use). Second, between about 23 June 2014 and 7 July 2014, Appellant used marijuana yet again (second use). Third, on 17 July 2014, Appellant received nonjudicial punishment under Article 15, UCMJ, for his first use of marijuana. And fourth, on 20 August 2014, the court-martial charge of which Appellant now stands convicted was preferred for his second use of marijuana.

Thus, both Appellant's first and second uses of marijuana preceded his receipt of nonjudicial punishment for his first use. During her sentencing argument, however, assistant trial counsel contradicted this sequence of events. She argued that even after receiving nonjudicial punishment—which included a reprimand and warning by his commander never to abuse drugs again—Appellant engaged in the marijuana use leading to his present court-martial. Trial defense counsel promptly objected that this argument mischaracterized the evidence. Before the military judge could rule on the objection, assistant trial counsel stated, "Your Honor, I'll rephrase myself." The military judge then sustained the Defense objection, and assistant trial counsel continued her sentencing argument.

Nevertheless, despite the sustained objection, assistant trial counsel a short time later repeated her mischaracterization of the evidence. She argued that Appellant lacked rehabilitation potential "because he had a chance to ask for help, to get rehabilitated, but he chose to use drugs again after he received this Article 15." On this occasion, trial defense counsel did not object, nor did the military judge address the misstatement sua sponte.

Improper argument involves a question of law that we review de novo. *United States v. Frey*, 73 M.J. 245, 248 (C.A.A.F. 2014). When the defense has objected at trial, we review alleged improper argument for prejudicial error. *United States v. Hornback*, 73 M.J. 155, 159 (C.A.A.F. 2014). "The legal test for improper argument is whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused." *Frey*, 73 M.J. at 248 (quoting *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000)). "Where improper argument occurs during the sentencing portion of the trial, we determine whether or not we can be 'confident that [the appellant] was sentenced on the basis of the evidence alone.'" *Frey*, 73 M.J. at 248 (alteration in original) (quoting *United States v. Halpin*, 71 M.J. 477, 480 (C.A.A.F. 2013)). Our superior court has identified a three-part test for determining prejudice when trial counsel has engaged in improper argument: "(1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the weight of the evidence supporting the conviction." *Hornback*, 73 M.J. at 160 (quoting *United States v. Fletcher*, 62 M.J. 175, 184 (C.A.A.F. 2005)). Our superior court has utilized these factors to review allegations of improper sentencing argument. *See, e.g.*, *Frey*, 73 M.J. at 249; *Halpin*, 71 M.J. at 480.

To the extent that trial defense counsel has failed to object to the arguments at trial, we review for plain error. *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011). To establish plain error, Appellant must prove: "(1) [T]here was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *United States v. Erickson*, 65 M.J. 221, 223 (C.A.A.F. 2007)). Error occurs when counsel fail to limit their arguments to "the evidence of record, as well as all reasonable inferences fairly derived from such evidence." *Baer*, 53 M.J. at 237 (citing *United States v. Nelson*, 1 M.J. 235, 239 (C.M.A. 1975)). Even within the context of the record, it is error for trial counsel to make arguments that "unduly . . . inflame the passions or prejudices of the court members." *Marsh*, 70 M.J. at 102 (alteration in original) (quoting *United States v. Schroder*, 65 M.J. 49, 58 (C.A.A.F. 2007)); *see also* Rule for Courts-Martial (R.C.M.) 919(b), Discussion. On the other hand, trial counsel is expected to zealously argue for an appropriate sentence, so long as the argument is fair and reasonably based on the evidence. *United States v. Kropf*, 39 M.J. 107, 108 (C.M.A. 1994).

In the present case, Appellant claims that assistant trial counsel not only misstated the evidence, but in fact "lied" and committed prosecutorial misconduct by arguing that the offense giving rise to his court-martial conviction occurred after he received nonjudicial punishment. We find in the record no support for the contention that assistant trial counsel deliberately lied or engaged in actual misconduct—and we reject any such claim. *See United States v. Fletcher*, 62 M.J. 175, 179 (C.A.A.F. 2005) (discussing what constitutes prosecutorial misconduct). Assistant trial counsel appears to have been new to the practice of military justice and was, at the time of trial, neither certified under Article 27(b), UCMJ, 10 U.S.C. § 827(b), nor permanently sworn pursuant to Article 42(a), UCMJ, 10 U.S.C. § 842(a), and Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 5.5.1 (6

June 2013).  We deem it more probable that assistant trial counsel was merely confused by the sequence of events than that she intentionally misrepresented them to the members.[1]

Even so, the argument in question remains troublesome.  First, whether Appellant again used drugs after once being punished for doing so was a matter of real consequence in this case.  His court-martial sentence was legal and its approval was within the discretion of the convening authority.  Appellant had, however, a strong military record with no indication of prior drug involvement, nor any other misconduct warranting as much as nonjudicial punishment.  Our own experience in military justice indicates that—absent intervening corrective action by command or some other aggravating circumstance not apparent here—a punitive discharge for twice using marijuana is unusually harsh.

Futhermore, when the Government argued for a second time that Appellant persisted in using drugs even after receiving nonjudicial punishment for doing so, the military judge did nothing to correct the misstatement nor set the record straight.[2]

Ultimately, we find a substantial likelihood that the members were influenced by the prosecution's repeated, erroneous description of events.  Even applying the plain error standard advocated by the Government, we must rule in favor of Appellant.  We find that the argument of assistant trial counsel was error, the error was plain and obvious, and Appellant's substantial right to a fair trial was materially prejudiced when the military judge failed to ensure Appellant's sentence was free from the taint of improper argument. *See Marsh* 70 M.J. at 107.[3]  Under these particular facts, we find that the approved sentence is not appropriate for this appellant and this offense.  We discuss below the relief to be granted.

---

[1] Although not raised by Appellant, we find that assistant trial counsel's argument regarding why hard labor without confinement was not an appropriate punishment further demonstrates her lack of understanding of the practice of military justice.  Assistant trial counsel seemed to conflate correctional custody with hard labor without confinement. She argued that hard labor without confinement was not appropriate because the base did not have a "hard labor camp" and it was "not something that is available here."  We are unaware of any Air Force base that has a "hard labor camp." Moreover, the authorized punishment of hard labor without confinement is available and authorized regardless of the installation.

[2] Arguing on appeal that "[a]ny prejudice was quickly cured and eliminated," the Government appears to hold the erroneous belief that assistant trial counsel's second misstatement of the evidence drew "a prompt objection [and] was followed by a prompt curative instruction."  This was not so.  Trial defense counsel did make a second objection during the argument, when assistant trial counsel seemed to suggest that the court should punish Appellant for both his first and second uses of marijuana—in that instance the trial judge properly sustained the objection and instructed the members that they were to sentence Appellant only for the offense of which he was now convicted.  In fact, however, assistant trial counsel's second incorrect claim that Appellant used marijuana after receiving nonjudicial punishment drew no Defense objection nor any response from the military judge.

[3]Appellant also contends that assistant trial counsel engaged in improper argument by urging the members "to increase Appellant's punishment because he was a repeat offender in light of his Article 15."  We reject this claim.  Having carefully reviewed the record, we are convinced that, to the degree any argument along these lines was improper, all taint was cured by sustained objection and sua sponte instruction from the military judge.

*II. Staff Judge Advocate Recommendation*

In clemency matters to the convening authority, trial defense counsel claimed that the sentencing argument of assistant trial counsel was "overflowing with improper references that likely improperly inflamed the jury and caused them to give such a harsh sentence for one-time marijuana use." Trial defense counsel cited several instances of allegedly improper argument. In his addendum to the SJAR, the staff judge advocate (SJA) to the convening authority responded, "Based upon my review of the record, I disagree with Defense Counsel's allegations and recommend you approve the findings and sentence as adjudged." On appeal, Appellant contends the SJAR "was erroneous because it failed to adequately address trial counsel's improper sentencing argument."

We review allegations of error in post-trial processing de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citing *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). "[B]ecause of the highly discretionary nature of the convening authority's clemency power, the threshold for showing [post-trial] prejudice is low." *United States v. Lee*, 52 M.J. 51, 53 (C.A.A.F. 1999). Only a colorable showing of possible prejudice is necessary. *Id.* Even so, an error in the SJAR "does not result in an automatic return by the appellate court of the case to the convening authority." *United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). "Instead, an appellate court may determine if the accused has been prejudiced by testing whether the alleged error has any merit and would have led to a favorable recommendation by the SJA or corrective action by the convening authority." *Id.*

Rule for Courts-Martial 1106(d)(4) states:

> *Legal errors.* The staff judge advocate or legal officer is not required to examine the record for legal errors. However, when the recommendation is prepared by a staff judge advocate, the staff judge advocate shall state whether, in the staff judge advocate's opinion, corrective action on the findings or sentence should be taken when an allegation of legal error is raised in matters submitted under R.C.M. 1105 or when otherwise deemed appropriate by the staff judge advocate. The response may consist of a statement of agreement or disagreement with the matter raised by the accused. An analysis or rationale for the staff judge advocate's statement, if any, concerning legal error is not required.

In the present case, we find that the addendum to the SJAR met the requirements of R.C.M. 1106(d)(4) and was otherwise proper. We reject this assignment of error.

## III. Sentence Severity

Appellant argues that his sentence to a bad-conduct discharge is unduly severe. In light of our action disapproving the sentence in this case, we deem this argument moot.

## *Relief*

We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we] find[] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Bare*, 63 M.J. 707, 714 (A.F. Ct. Crim. App. 2006); *see also United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982).

We have considered this particular appellant, the nature and seriousness of his offense, his record of service, all matters contained in the record of trial, and his arguments on appeal. In light of our ruling that the Government engaged in improper sentencing argument, we find the following sentence to be appropriate: confinement for 3 months and forfeiture of $1,618.00 pay per month for 3 months.

## *Conclusion*

The approved findings and the sentence, as reassessed, are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and the sentence, as reassessed, are **AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court