**UNITED STATES, Appellee**

v.

**Robert L. GREEN, Lance Corporal
U.S. Marine Corps, Appellant.**

No. 94–1325.
CMR No. 91 01570.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 4, 1995.
Decided May 29, 1996.

For Appellant: *Major Steven P. Hammond,* USMC (argued); *Lieutenant Christopher J. McEntee,* JAGC, USNR.

For Appellee: *Captain D.K. Margolin,* USMC (argued); *Commander D.H. Myers,* JAGC, USN (on brief); *Colonel J. Composto,*·

USMC, and *Major Laura L. Scudder*, USMC.

### Opinion of the Court

COX, Chief Judge:

Appellant was tried in Yokosuka, Japan, by a general court-martial consisting of officer and enlisted members. Contrary to his pleas, he was convicted of unpremeditated murder, in violation of Article 118, Uniform Code of Military Justice, 10 USC § 918. He was sentenced to a dishonorable discharge, confinement for 45 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence as adjudged. The Court of Military Review [1] affirmed the findings and the approved sentence.

On May 16, 1995, this Court granted review of the following issue:

WHETHER THE LOWER COURT ERRED IN FINDING THAT APPELLANT WAS NOT PREJUDICED BY THE IMPROPER DENIAL OF THE OPPORTUNITY TO SUBMIT POST-TRIAL MATERIALS TO THE CONVENING AUTHORITY.

We hold that appellant was not so prejudiced. Art. 59(a), UCMJ, 10 USC § 859(a).

Appellant's detailed defense counsel was served the record of trial on February 14, 1991, and on March 27, 1991, individual military counsel submitted clemency matters on appellant's behalf to the convening authority. He did not reserve the right to submit additional matters, in accordance with RCM 1105(d)(2), Manual for Courts–Martial, United States (1995 ed.).[2] The action was taken on May 30, 1991.

Appellant alleges that he attempted to mail additional "clemency"[3] matters directly to the convening authority using the brig mail, but that Captain Cummings, the brig commander, advised him to forward correspondence through his chain of command if he wished to send additional matters. Captain Cummings' affidavit says this could be accomplished by giving it to his command visitor. Appellant also claims that, notwithstanding this advice, he submitted the letter through brig channels, believing this to be the proper chain of command. He further claims that, some 2 months after he initially submitted the post-trial matters, they were returned to him with instructions once again to go through his chain of command. By this time, the period to make submissions to the convening authority had run. Appellant submits that the brig commander's actions deprived him of his right to furnish "clemency matters" to the convening authority and thus denied him his best hope for sentence relief. Final Brief at 5.

The Court of Military Review held that the brig commander's direction that appellant could not mail the matters through the brig mail did not prejudice him for two reasons: First, appellant was not denied the opportunity to submit additional matters because he "was free to send clemency materials through his defense counsel"; and second, even if he was denied the opportunity, the alleged errors sought to be submitted "were without merit." Unpub. op. at 6, 43 MJ 126.

About the most we can say is that it is not clear if appellant understood the avenues available to him for submission of post-trial matters. Even if we agreed with appellant's contentions that brig authorities wrongfully retained his packet, thus preventing him from timely submitting his issues to the convening authority, we nonetheless agree with the court below that appellant has failed to show prejudice. We hold that the errors he alleged for consideration by the convening authority are without merit and, as such, would not have affected the ultimate

---

1. See 41 MJ 213, 229 n. * (1994).

2. We need not decide whether failure to reserve the right to submit additional· matters waived that right. However, RCM 1105(d)(2), Manual for Courts–Martial, United States (1995 ed.), provides:

   *Submission of Matters.* Submission of any matters under this rule shall be deemed a waiver of the right to submit additional matters unless the right to submit additional matters within the prescribed time limits is expressly reserved in writing.

3. What appellant styles as "clemency" matters are in fact assertions of legal error in the trial proceedings. *See* text, *infra.*

outcome of his case. *See United States v. Hill,* 27 MJ 293 (CMA 1988).

Appellant alleges that the letter he wanted to send to the convening authority set forth the following five legal errors:

1. There existed "doubt as to whether the fatal swelling of" the victim's "brain was caused by" appellant's kick or by the impact of the victim's "head hitting the ground," thus raising "doubt as to whether" the victim's "death was murder."

2. "The prosecutor engaged in prosecutorial misconduct" by interjecting his opinion and "arguing facts not in evidence" during closing argument.

3. "The military judge erred by failing to give an involuntary manslaughter instruction to the members."

4. The president of the jury panel "should have been removed because of one of his answers during *voir dire.*"

5. Trial defense counsel's advice to appellant that he waive the Article 32, UCMJ, 10 USC § 832, pretrial investigation amounted to ineffective assistance of counsel.

Final Brief at 3.

■■■ While a convening authority is not "required to examine the record for legal error," he "may still take action to set aside or modify a finding of guilty and, when appropriate, to dismiss a specification or charge. Art. 60(c), UCMJ, 10 USC § 860(c) [(1983)]." *United States v. Hill,* 27 MJ at 294. A staff judge advocate (SJA), although also not required to examine the record for legal error, must nonetheless respond to any allegations of legal error submitted by the defense. This applies even if the errors are submitted after service of the recommendation, as long as that is done within the time prescribed by RCM 1105(c)(1). *See* 27 MJ at 295–96. Therefore, assuming appellant submitted his packet in early April as he alleges, the SJA would have been required to consider the information and respond as to "whether ... corrective action on the findings or sentence should be taken." *Id.* at 295. The SJA's failure to do this, however, does not result in an automatic return by the appellate court of the case to the convening authority.

Instead, an appellate court may determine if the accused has been prejudiced by testing whether the alleged error has any merit and would have led to a favorable recommendation by the SJA or corrective action by the convening authority. *See United States v. Beaudin,* 35 MJ 385, 388 (CMA 1992); and *United States v. Williams–Oatman,* 38 MJ 602, 604 (ACMR 1993) (each citing *United States v. Hill,* 27 MJ at 297). Thus, regardless of how we view this case, the bottom line is determining whether we are satisfied that appellant has not been prejudiced. *See* Art. 59(a).

■■■ We have carefully reviewed the record of trial and deem appellant's claims of error to be without merit. Appellant's fifth assertion, wherein he alleges ineffective assistance of counsel in the pretrial proceedings, requires additional comment. Since appellant claims that he asserted in his undelivered letter defense counsel's inadequacy in waiving the Article 32 hearing, appellant claims that the same defense counsel's continued representation of him post-trial created an impermissible conflict. *United States v. Cornelious,* 41 MJ 397 (1995). We have held that, once aware "of a potential conflict," the SJA must notify "defense counsel of appellant's complaint so that the issue of further representation" may be resolved. *United States v. Carter,* 40 MJ 102, 105 (CMA 1994). Assuming appellant had successfully submitted his additional matters in April, this, at the earliest, would have been accomplished after the SJA completed his recommendation. In *Carter,* we logically concluded that because "defense counsel was not aware of appellant's letter when he responded to the SJA's recommendation[,] ... appellant was afforded conflict-free counsel." *See* 40 MJ at 106. The same rationale applies here, where, as appellant alleges, his "letter never left the brig nor did it get to my lawyer."

The decision of the United States Navy–Marine Corps Court of Military Review is affirmed.

Judges SULLIVAN, CRAWFORD, and GIERKE, and Senior Judge DARDEN concur.