# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

––––––––––––––

**No. ACM S32419**

––––––––––––––

**UNITED STATES**
*Appellee*

**v.**

**Sebastian M. AUSTILL**
Airman First Class (E-3), U.S. Air Force, *Appellant*

––––––––––––––

Appeal from the United States Air Force Trial Judiciary

Decided 4 May 2017

––––––––––––––

*Military Judge:* Shelly W. Schools.

*Approved sentence:* Bad-conduct discharge, confinement for 45 days, and reduction to E-1. Sentence adjudged 16 June 2016[1] by SpCM convened at F.E. Warren Air Force Base, Wyoming.

*For Appellant:* Major Johnathan D. Legg, USAF.

*For Appellee:* Major Amanda L.K. Linares, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, HARDING, AND C. BROWN, *Appellate Military Judges.*

Judge HARDING delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge C. BROWN joined.

––––––––––––––

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

––––––––––––––

––––––––––––––

[1] Both the CMO and Report of Result of Trial erroneously provide 29 June 2016 as the date the sentence was adjudged. The correct date is 16 June 2016. We order promulgation of a corrected CMO to accurately reflect the correct date.

HARDING, Judge:

A military judge sitting alone as a special court-martial convicted Appellant, consistent with his pleas, of one specification each of fraudulent enlistment, violation of a general order by knowingly using a prescription medication in excess of the prescribed dosage, and wrongful use of marijuana, in violation of Articles 83, 92, and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 883, 892, 912a. Appellant was sentenced to a bad-conduct discharge, 45 days of confinement, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

This case was initially submitted for our review on its merits; however, after reviewing the record of trial, the court specified the following issue:

> WHETHER THE STAFF JUDGE ADVOCATE FAILED TO PROVIDE ACCURATE AND PROPER ADVICE TO THE CONVENING AUTHORITY REGARDING THE CONVENING AUTHORITY'S CLEMENCY POWERS UNDER ARTICLE 60, UCMJ, 10 U.S.C. §860, WHEN THE FINDINGS INCLUDED A CONVICTION FOR AN OFFENSE COMMITTED BEFORE 24 JUNE 2014. IF SO, WHETHER SUCH FAILURE MATERIALLY PREJUDICED APPELLANT.

As we find no error substantially prejudices a substantial right of Appellant, we now affirm. However, we desire to make clear that the staff judge advocate failed to provide accurate advice to the convening authority and note that this was not the first time. As we said in another case originating from the same command, "[g]reater attention to detail will eliminate unnecessary errors as found in this case and better facilitate accurate post-trial processing." *United States v. Demiller*, No. ACM S32344, 2017 CCA LEXIS 154, at *6 (A.F. Ct. Crim. App. 16 Feb. 2017) (unpub. op.).

## I. BACKGROUND

The Specification of Charge I alleged Appellant fraudulently enlisted "between on or about 12 September 2013 and on or about 3 June 2014." The other charges and specifications have date ranges that begin after 24 June 2014, with an earliest date of 1 January 2015. Appellant did not provide a post-trial submission raising matters in clemency or alleging any error. The staff judge advocate's recommendation (SJAR) advised the convening authority, "[f]or Charges I, II, and III and the respective specifications you only have the authority to approve the finding of guilt and cannot dismiss the finding of guilt." The SJAR also advised, "[y]ou do not have the authority to disapprove, commute or suspend in whole or in part the punitive discharge."

## II. DISCUSSION

Although he did not allege legal error post-trial or on appeal, in response to the specified issue Appellant now alleges the staff judge advocate (SJA) gave erroneous legal advice when the convening authority was instructed he could not disapprove, commute, or suspend Appellant's punitive discharge.

We review de novo alleged errors in post-trial processing. *See United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000); *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004). Although the threshold for establishing prejudice in this context is low, the appellant must nonetheless make at least "some colorable showing of possible prejudice." *United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005) (quoting *Kho*, 54 M.J. at 65).

Failure to timely comment on matters in the SJAR or addendum, to include matters attached to it, forfeits the issue unless there is plain error. Rule for Courts-Martial (R.C.M.) 1106(f)(6); *Scalo*, 60 M.J. at 436. Under a plain error analysis, the appellant bears the burden of showing: (1) there was an error, (2) it was plain or obvious, and (3) the error materially prejudiced a substantial right of the appellant. *Kho*, 54 M.J. at 65.

Article 60, UCMJ, was amended on 24 June 2014. This amendment limited the convening authority's ability, in some circumstances, to grant clemency in whole or in part. The text of Article 60 now reads, "the convening authority or another person authorized to act under this section may not disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad conduct discharge." Article 60, UCMJ, 10 U.S.C. § 860 (24 June 2014). R.C.M. 1107 was amended on 17 June 2015 by Executive Order No. 13696, 80 Fed. Reg. 35810 (22 June 2015), by adding a note to R.C.M. 1107 stating, "if at least one offense in a case occurred prior to 24 June 2014, then the prior version of R.C.M. 1107 applies to all offenses in the case . . . ." This was further clarified a year later on 20 May 2016 by Executive Order 13730, which amended R.C.M. 1107 once again to read "if at least one offense . . . occurred prior to 24 June 2014, or includes a date range where the earliest date in the range for that offense is before 24 June 2014, then the prior version of R.C.M. 1107 applies to all offenses in the case . . . ." 81 Fed. Reg. 33338 (26 May 2016).

As Appellant was charged with an offense that occurred prior to 24 June 2014, the Government concedes—and we agree—that the SJA erred in advising the convening authority that he could not provide clemency relief in the form of favorable action on Appellant's punitive discharge. The SJA also erred in advising the convening authority that he could not dismiss the findings of guilt.

Yet, finding error does not end our inquiry, as Appellant must still demonstrate a colorable showing of possible prejudice in order to prevail on this issue. Whether an appellant was prejudiced by a mistake in the SJAR generally requires a court to consider whether the convening authority "plausibly may have taken action more favorable to" the appellant had he or she been provided accurate or more complete information. *United States v. Johnson*, 26 M.J. 686, 689 (A.C.M.R. 1988), *aff'd*, 28 M.J. 452 (C.M.A. 1989); *see also United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). Having reviewed the record in this case, we find Appellant has not met his burden of establishing prejudice.

The SJA submitted an affidavit conceding the advice given to the convening authority was incorrect. However, the SJA asserted that even with the convening authority's broader discretion, she still would have recommended the convening authority approve the sentence as adjudged. More importantly, the convening authority also submitted an affidavit noting that he would not have provided Appellant with relief on the sentence to a punitive discharge even with the knowledge now that he had the authority to do so during clemency. Moreover, Appellant did not request any clemency from the convening authority. As Appellant is unable to demonstrate a colorable showing of possible prejudice, he cannot prevail on this issue. *Scalo*, 60 M.J. at 436–37.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court

4