# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM S32409**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Jailen R. HOLT**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 21 June 2017

———————————

*Military Judge:* Mark W. Milam.

*Approved sentence:* Bad-conduct discharge, confinement for 4 months, and reduction to E-1. Sentence adjudged 4 May 2016 by SpCM convened at Schriever Air Force Base, Colorado.

*For Appellant:* Captain Kevin R. Cayton, USAF; Captain Patricia Encarnación-Miranda, USAF.

*For Appellee:* Major Tyler B. Musselman, USAF; Major Mary Ellen Payne, USAF; Gerald R. Bruce, Esquire; James W. Beckwith (civilian intern).[1]

Before MAYBERRY, HARDING, AND C. BROWN, *Appellate Military Judges.*

Judge HARDING delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge C. BROWN joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

[1] Mr. Beckwith was a law student extern with the Air Force Legal Operations Agency, and was at all times supervised by attorneys admitted to practice before this court.

_____

HARDING, Judge:

A military judge sitting alone as a special court-martial convicted Appellant, consistent with his pleas, of two specifications of wrongful use of marijuana, two specifications of wrongful possession of marijuana, and two specifications of wrongful introduction of marijuana onto an armed forces installation, all in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. Appellant was sentenced to a bad-conduct discharge, four months of confinement, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

This case was initially submitted for our review on its merits; however, after reviewing the record of trial, the court specified the following issue:

> WHETHER THE STAFF JUDGE ADVOCATE FAILED TO PROVIDE ACCURATE AND PROPER ADVICE TO THE CONVENING AUTHORITY REGARDING THE CONVENING AUTHORITY'S CLEMENCY POWERS UNDER ARTICLE 60, UCMJ, 10 U.S.C. §860, WHEN SHE ADVISED THE CONVENING AUTHORITY THAT SHE DID NOT HAVE THE AUTHORITY TO DISAPPROVE, COMMUTE, OR SUSPEND IN WHOLE OR PART THE CONFINEMENT WHEN FOUR MONTHS OF CONFINEMENT WAS ADJUDGED. IF SO, WHETHER SUCH FAILURE MATERIALLY PREJUDICED APPELLANT.

As we find no error substantially prejudices a substantial right of Appellant, we now affirm.

## I. BACKGROUND

The staff judge advocate's recommendation (SJAR) advised the convening authority: "You do not have the authority to disapprove, commute or suspend in whole or in part the confinement or the punitive discharge" and recommended the sentence be approved as adjudged. In his clemency submission, Appellant's trial defense counsel disagreed with the SJAR advice concerning the convening authority's options regarding the sentence to confinement. Contrary to the SJAR, the trial defense counsel stated "that the statue [sic] specifically authorizes you to grant clemency with respect to the confinement in this case because the adjudged confinement did not exceed six months." Appellant requested "limited relief in the form of reducing his confinement to time

served."[2] The addendum to the SJAR did not expressly address Appellant's allegation of error in the SJAR. Instead, the addendum noted "the defense allege[d] no legal error" and, having reviewed the matters submitted by Appellant, that the "earlier recommendation remain[ed] unchanged."

## II. DISCUSSION

We review de novo alleged errors in post-trial processing. *See United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000); *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004). Although the threshold for establishing prejudice in this context is low, the appellant must nonetheless make at least "some colorable showing of possible prejudice." *United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005) (quoting *Kho*, 54 M.J. at 65).

The National Defense Authorization Act for Fiscal Year 2014 modified Article 60, UCMJ, limiting the convening authority's ability to grant clemency, in whole or in part. Pub. L. No. 113-66, § 1702, 127 Stat. 955–58 (2013). The effective date of the change was 24 June 2014. *Id.* at 958. As Appellant was charged with offenses that occurred after 24 June 2014, those changes apply in his case. The pertinent text of Article 60 now reads, "[T]he convening authority or another person authorized to act under this section may not disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad conduct discharge." Article 60(c)(4)(A), UCMJ, 10 U.S.C. § 860(c)(4)(A), (24 June 2014).

The SJAR was correct in that the convening authority could not disapprove, commute, or suspend in whole or in part the punitive discharge.[3] However, as Appellant's adjudged sentence to confinement was for four months, the Government on appeal readily concedes—and we agree—that the SJA erred in advising the convening authority that she could not provide clemency relief in the form of favorable action on Appellant's sentence to confinement. Regarding confinement, the clemency limitation of Article 60(c)(4)(A), UCMJ, applies to adjudged sentences of confinement for more than six months. As the adjudged confinement was four months, the convening authority had plenary authority as to the confinement element of Appellant's sentence.

---

[2] Appellant's sentence was adjudged on 4 May 2016 and action was taken by the convening authority on 29 June 2016. Effectively, Appellant's request for time served was that his sentence to four months confinement be nearly reduced by half.

[3] While Article 60 provides two exceptions to this general prohibition, *see* Article 60(c)(4)(B) and (C), 10 U.S.C. § 860(c)(4)(B), (C), neither applies here.

Yet, finding error does not end our inquiry, as Appellant must still demonstrate a colorable showing of possible prejudice in order to prevail on this issue. Whether an appellant was prejudiced by a mistake in the SJAR generally requires a court to consider whether the convening authority "plausibly may have taken action more favorable to" the appellant had he or she been provided accurate or more complete information. *United States v. Johnson*, 26 M.J. 686, 689 (A.C.M.R. 1988), *aff'd*, 28 M.J. 452 (C.M.A. 1989); *see also United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). Having reviewed the record in this case, we find Appellant has not met his burden of establishing prejudice.

The SJA submitted an affidavit conceding the advice given to the convening authority was incorrect. However, the SJA asserted that even with the convening authority's broader discretion, she still would have recommended the convening authority approve the sentence to confinement as adjudged. More importantly, the convening authority also submitted an affidavit noting that she would not have provided Appellant with relief on the sentence to confinement even with the knowledge now that she had the authority to do so during clemency. As Appellant is unable to demonstrate a colorable showing of possible prejudice, he cannot prevail on this issue. *Scalo*, 60 M.J. at 436–37.

Although we find no prejudice to this particular Appellant, we observe that had the error in the SJAR raised by the trial defense counsel been carefully considered and addressed in the addendum to the SJAR vice an apparent strict adherence to a template, it is more likely than not that the erroneous advice in the SJAR would have been corrected prior to action by the convening authority. While the post-trial processing time of this case is laudable,[4] "[g]reater attention to detail will eliminate unnecessary errors as found in this case and better facilitate accurate post-trial processing." *United States v. Demiller*, No. ACM S32344, 2017 CCA LEXIS 154, at *6 (A.F. Ct. Crim. App. 16 Feb. 2017) (unpub. op.).

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

---

[4] Action was taken 56 days after the announcement of sentence, well within the 120-day standard. *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006).

Accordingly, the findings and the sentence are **AFFIRMED**.


FOR THE COURT

MICAH L. SMITH
Deputy Clerk of the Court