# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32381

————————————

### UNITED STATES
*Appellee*

**v.**

### Prachit V. PARIKH
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 7 July 2017

————————————

*Military Judge:* Mark W. Milam.

*Approved sentence:* Bad-conduct discharge, confinement for 180 days, and reduction to E-1. Sentence adjudged 8 December 2015 by SpCM convened at Francis E. Warren Air Force Base, Wyoming.

*For Appellant:* Major Virginia M. Bare, USAF; Captain Allen S. Abrams, USAF.

*For Appellee:* Major Meredith L. Steer, USAF; Major Tyler B. Musselman, USAF; Captain Matthew L. Tusing, USAF; Gerald R. Bruce, Esquire.

Before DREW, J. BROWN, and MINK, *Appellate Military Judges.*

Senior Judge J. BROWN delivered the opinion of the court, in which Chief Judge DREW and Judge MINK joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

J. BROWN, Senior Judge:

A military judge sitting alone as a special court-martial convicted Appellant, consistent with his pleas, of divers use of marijuana, three specifications

of larceny, and a specification of unlawful entry, in violation of Articles 112a, 121, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a, 921, 934. Appellant was sentenced to a bad-conduct discharge, six months of confinement, and reduction to the grade of E-1. In accordance with the terms of the pretrial agreement, the convening authority approved only so much of the sentence as provides for a bad-conduct discharge, 180 days of confinement, and reduction to the grade of E-1.

On appeal, Appellant asserts that the staff judge advocate's recommendation (SJAR) contained erroneous advice regarding the convening authority's ability to grant clemency. As we find the error did not materially prejudice a substantial right of Appellant, we now affirm.

## I. BACKGROUND

In clemency, Appellant requested that the convening authority reduce the length of confinement from six months to three months. The addendum to the SJAR, however, erroneously advised the convening authority: "You do not have the authority to disapprove, commute or suspend in whole or in part the confinement." The staff judge advocate recommended approval of a bad-conduct discharge, confinement for 180 days, and reduction to the grade of E-1.

The addendum was served on Appellant, and his counsel submitted an additional response disagreeing with the staff judge advocate's assertion that the convening authority was not authorized to reduce the confinement. In a second addendum to the SJAR, the staff judge advocate advised the convening authority that her earlier recommendation remained unchanged. The convening authority ultimately approved that portion of the sentence as recommended by the staff judge advocate.

## II. DISCUSSION

We review de novo alleged errors in post-trial processing. *See United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000); *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004). Although the threshold for establishing prejudice in this context is low, the appellant must nonetheless make at least "some colorable showing of possible prejudice." *United States v. Scalo*, 60 M.J. 435, 436–37 (C.A.A.F. 2005) (quoting *Kho*, 54 M.J. at 65).

The National Defense Authorization Act for Fiscal Year 2014 modified Article 60, UCMJ, 10 U.S.C. § 860, limiting the convening authority's ability to grant clemency. Pub. L. No. 113-66, § 1702, 127 Stat. 955–58 (2013). The effective date of the change was 24 June 2014. *Id.* at 958. As Appellant was charged with offenses that occurred after 24 June 2014, those changes apply

in his case. The pertinent text of Article 60 now reads, "[T]he convening authority or another person authorized to act under this section may not disapprove, commute, or suspend in whole or in part an adjudged sentence of confinement for more than six months or a sentence of dismissal, dishonorable discharge, or bad conduct discharge." Article 60(c)(4)(A), UCMJ.

The addendum to the SJAR erroneously advised the convening authority that he could not disapprove, commute, or suspend in whole or in part the six months of confinement beyond the terms of the pretrial agreement. Regarding confinement, the clemency limitation of Article 60(c)(4)(A), UCMJ, applies to adjudged sentences of confinement for more than six months. As the adjudged confinement was six months, the convening authority had plenary authority as to the confinement element of Appellant's sentence. *See United States v. Holt*, No. ACM S32409, 2017 CCA LEXIS 413 (A.F. Ct. Crim. App. 21 Jun. 2017) (unpub. op.); *United States v. Jones*, No. ACM 39140, 2017 CCA LEXIS 310 (A.F. Ct. Crim. App. 28 Apr. 2017) (unpub. op.).

Yet, finding error does not end our inquiry, as Appellant must still demonstrate a colorable showing of possible prejudice to prevail on this issue. Whether an appellant was prejudiced by a mistake in the SJAR generally requires a court to consider whether the convening authority "plausibly may have taken action more favorable to" the appellant had he or she been provided accurate or more complete information. *United States v. Johnson*, 26 M.J. 686, 689 (A.C.M.R. 1988), *aff'd*, 28 M.J. 452 (C.M.A. 1989); *see also United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). Having reviewed the record in this case, we find Appellant has not met his burden of establishing prejudice.

The SJA submitted an affidavit conceding the advice given to the convening authority was incorrect. However, the SJA asserted that even with the convening authority's broader discretion, her recommendation would have remained the same. More importantly, the convening authority also submitted an affidavit noting that he would not have provided Appellant with additional relief on the sentence to confinement even with the knowledge now that he had the authority to do so during clemency. As Appellant is unable to demonstrate a colorable showing of possible prejudice, he cannot prevail on this issue. *Scalo*, 60 M.J. at 436–37.

## III. Conclusion

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court