# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

## No. ACM S32436

————————————

## UNITED STATES
*Appellee*

v.

## Jacob B. GODDARD
Airman (E-2), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 15 March 2018

————————————

*Military Judge:* Mark F. Rosenow.

*Approved sentence:* Bad-conduct discharge, confinement for 4 months, forfeiture of $1,400.00 pay per month for 4 months, reduction to E-1, and a reprimand. Sentence adjudged 26 September 2016 by SpCM convened at Davis-Monthan Air Force Base, Arizona.

*For Appellant:* Major Ann W. Morgan, USAF; Major Patricia Encarnación Miranda, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Major Mary Ellen Payne, USAF; Major Matthew L. Tusing, USAF.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges.*

Senior Judge HARDING delivered the opinion of the court, in which Judges SPERANZA and HUYGEN joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

HARDING, Senior Judge:

A special court-martial composed of a military judge convicted Appellant in accordance with his pleas of two specifications of divers wrongful use of controlled substances (marijuana and 3,4-methylenedioxymethamphetamine) and

one specification of divers wrongful introduction of a controlled substance (marijuana) onto/into an installation, all in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, confinement for four months, forfeiture of $1,044.00 pay per month for four months, reduction to E-1, and a reprimand. The convening authority approved the sentence as adjudged.

Appellant raises a single issue on appeal: Whether the staff judge advocate's recommendation (SJAR) and its addendum failed to provide accurate and proper advice to the convening authority regarding the convening authority's clemency powers under Article 60, UCMJ, 10 U.S.C. § 860. We find no prejudicial error and affirm.

## I. BACKGROUND

As the result of another Airman's positive random urinalysis, an investigation was opened that revealed wrongful drug use and introduction onto/into an installation by Appellant. In a statement made to security forces investigators, Appellant confessed to multiple uses of both marijuana and 3,4-methylenedioxymethamphetamine. He also admitted to bringing drugs onto Davis-Monthan Air Force Base, Arizona. Appellant's urine was subsequently collected and tested positive for marijuana. A search of Appellant's vehicle yielded approximately three grams of marijuana. In accordance with a pretrial agreement, Appellant pleaded guilty to the Charge and its specifications in exchange for no "additional charges based on evidence [then] within the government's control" and no approved confinement in excess of ten months.

## II. DISCUSSION

Although Appellant waived his right to submit clemency matters and did not object to the SJAR, Appellant now complains that the SJAR erroneously omitted a statement that the convening authority could disapprove, commute, or suspend Appellant's sentence to confinement. Appellant asserts the convening authority's action should be set aside and his case be remanded for new post-trial processing. We disagree.

We review de novo alleged errors in post-trial processing. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). Failure to comment in a timely manner on matters in the SJAR or addendum, to include matters attached to it, forfeits the issue unless there is plain error. Rule for Courts-Martial 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). Under a plain error analysis, the Appellant bears the burden of showing: (1) there was an error, (2) it was plain or obvious, and (3) the error materially prejudiced a substantial right of

the appellant. *Kho*, 54 M.J. at 65. Although the threshold for establishing prejudice in this context is low, the appellant must nonetheless make at least "some colorable showing of possible prejudice." *Scalo*, 60 M.J. at 436–37 (quoting *Kho*, 54 M.J. at 65).

We note that the offenses occurred after 24 June 2014 and therefore the limitations on convening authority action under the amended Article 60(c), UCMJ, apply to this case. In that regard, the SJAR accurately advised the convening authority that he could only approve the findings and the punitive discharge, but could disapprove, commute, or suspend, in whole or part, the forfeitures, reduction in grade, and reprimand. The SJAR did not, however, address the convening authority's discretion to act on the adjudged confinement other than noting that the pretrial agreement provided that no more than ten months of confinement would be approved. As Appellant was sentenced to less than six months of confinement, the convening authority had discretion to grant clemency in the form of confinement less than the six months adjudged. Article 60(c)(4)(A), UCMJ.

Appellant argues the omission regarding the convening authority's discretion as to the adjudged confinement erroneously implied the convening authority did not have the discretion to grant confinement relief. Assuming *arguendo* the SJAR omission was error, we determine whether an appellant was prejudiced by a mistake in the SJAR by considering whether the convening authority "plausibly may have taken action more favorable to" the appellant had he or she been provided accurate or more complete information. *United States v. Johnson*, 26 M.J. 686, 689 (A.C.M.R. 1988), *aff'd*, 28 M.J. 452 (C.M.A. 1989); *see also United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). We do not find more favorable action plausible in Appellant's case. Appellant waived his right to submit clemency matters. In his pretrial agreement, Appellant received not only the benefit of a limit on confinement, but also an agreement from the convening authority not to prosecute other offenses. We find it implausible that a fully advised convening authority would have provided confinement relief *sua sponte*.

Moreover, the Government has demonstrated that the SJAR omission did not prejudice Appellant. The staff judge advocate submitted an affidavit providing that, even with complete advice on clemency options, he still would have recommended the convening authority approve the sentence as adjudged. More importantly, the convening authority submitted an affidavit stating that he would not have provided Appellant with relief on the sentence to confinement, even if he had been expressly advised that he had the authority to do so. As Appellant is unable to demonstrate a colorable showing of possible prejudice, he cannot prevail on this issue. *Scalo*, 60 M.J. at 436–37.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court