# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39188**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Benjamin L. TEN EYCK**
Senior Airman (E-4), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 17 April 2018

———————————

*Military Judge:* James E. Key III.

*Approved sentence:* Bad-conduct discharge, confinement for 8 months, and reduction to E-1. Sentence adjudged 29 August 2016 by GCM convened at Tyndall Air Force Base, Florida.

*For Appellant:* Major Allen S. Abrams, USAF.

*For Appellee:* Colonel Julie L. Pitvorec, USAF; Lieutenant Colonel J. Joseph Kubler, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Major Meredith L. Steer, USAF; Mary Ellen Payne, Esquire.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges*.

Senior Judge HARDING delivered the opinion of the court, in which Judges SPERANZA and HUYGEN joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

HARDING, Senior Judge:

A general court-martial composed of a military judge convicted Appellant in accordance with his pleas of one specification each of dereliction of duty

through neglect (failure to maintain proof of motor vehicle insurance) and reckless operation of a vehicle (failure to stop at a red traffic light and thereby cause personal injury) in violation of Articles 92 and 111, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 911. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 12 months, and reduction to E-1. In accordance with a pretrial agreement (PTA), the convening authority approved only eight months of confinement. He approved the remainder of the sentence as adjudged.

Appellant raises two issues on appeal: (1) whether Appellant's plea to negligent dereliction of duty based on the *mens rea* of simple negligence was improvident;[1] and (2) whether, in light of *United States v. Addison*, 75 M.J. 405 (C.A.A.F. 2016), Appellant is entitled to new post-trial processing due to the staff judge advocate's failure to correct an error in Appellant's clemency submission. We find no prejudicial error and affirm.

## I. BACKGROUND

On 21 June 2015, Appellant failed to stop at a red light as he was leaving Tyndall Air Force Base, Florida. When Appellant entered the intersection, his truck collided with a motorcycle operated by First Lieutenant NS. Lieutenant NS suffered substantial injuries, including severe brain trauma that resulted in the loss of motor and cognitive function. At the time of the collision Appellant did not have liability insurance coverage for his truck. Appellant was tried and convicted of two charges from this one incident.

The staff judge advocate's recommendation (SJAR) in Appellant's case summarized the PTA terms and advised the convening authority that he did not have authority to "disapprove, commute or suspend in whole or in part the punitive discharge or the confinement." Likewise, he was advised that he did have the authority to "disapprove, commute or suspend in whole or in part" the

---

[1] Appellant asserts that recklessness is the lowest *mens rea* for dereliction of duty and that precedent holding simple negligence sufficient should be overturned. Subsequent to the filing of Appellant's brief, our superior court resolved this issue adversely to Appellant. *See United States v. Blanks*, ___ M.J. ___, No. 17-0404, 2018 CAAF LEXIS 111, at *2 (C.A.A.F. 28 Feb. 2018) (finding no basis to disturb prior precedent that negligence is an appropriate *mens rea* for certain dereliction offenses). We further note that as part of the consideration for the PTA, the convening authority agreed to accept Appellant's offer to plead guilty to negligent vice willful dereliction of duty. Having reviewed the entire record, we find no substantial basis in law or fact for questioning the providency of Appellant's guilty plea.

reduction in rank. In accordance with these limitations[2] and the PTA, the SJA recommended approval of the bad-conduct discharge, confinement for eight months, and reduction to E-1.

Appellant's trial defense counsel submitted a memorandum for Appellant's clemency submission wherein she acknowledged the adjudged sentence and PTA and wrote, "[Appellant] respectfully petitions you to exercise your discretion as the General Court-Martial Convening Authority under Rule for Courts-Martial 1107, Manual for Courts-Martial, to grant clemency in this case." The trial defense counsel requested that the convening authority further reduce by three months the sentence to confinement and "consider restoring [Appellant] to a higher rank." Appellant reiterated this plea for clemency in his own letter and asked that his sentence to eight months be lessened to "a more manageable 5 months confinement." Appellant's primary reason for the requested relief was so Appellant could assist his mother in caring for his father who was in poor health. Appellant also asked the convening authority to "change that bad conduct discharge to a general discharge."

The addendum to the SJAR stated that Appellant's clemency matters had been reviewed with no change to the SJA's recommendation. Otherwise, the addendum did not address Appellant's specific requests or whether the convening authority had the authority to grant all, some, or none of the relief requested.

## II. DISCUSSION

The proper completion of post-trial processing is a question of law the court reviews de novo. *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000) (citing *United States v. Powell*, 49 M.J. 460, 462 (C.A.A.F. 1998)). Failure to comment in a timely manner on matters in the SJAR or matters attached to the SJAR waives or forfeits any later claim of error unless there was plain error. R.C.M. 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005). Analyzing for plain error, we assess whether "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Scalo*, 60 M.J. at 436 (quoting *Kho*, 54 M.J. at 65). "To meet this burden in the context of a post-trial recommendation error . . . an appellant must make 'some colorable showing of possible prejudice.'" *Id.* at 436–37 (quoting *Kho*, 54 M.J. at 65). "The threshold is low, but there must be some colorable showing of possible

---

[2] Although not expressly stated in the SJAR, an exception for PTAs allowed the convening authority to approve only 8 of the 12 months of confinement adjudged. *See* Rule for Courts-Martial (R.C.M.) 1107(d)(1)(C)(ii).

prejudice . . . in terms of how the [error] potentially affected an appellant's opportunity for clemency." *Id.* at 437.

There was error in the post-trial processing of Appellant's case. While the trial defense counsel did not affirmatively assert that the convening authority had the authority to disapprove the confinement in whole or part beyond what the PTA provided, the counsel's citation to R.C.M. 1107 as authority—immediately followed by a request to reduce confinement by three months—implied that the rule allowed the convening authority to grant the requested relief. This was a misstatement of the law in Appellant's clemency submission.

R.C.M. 1107(d)(1)(B) explicitly states that unless an exception applies, "the convening authority may not disapprove, commute, or suspend, in whole or in part, that portion of an adjudged sentence that includes . . . confinement for more than six months" or a punitive discharge. *See also* Article 60(c)(4)(A), UCMJ, 10 U.S.C. § 860(c)(4)(A). While the PTA exception applies to Appellant's case, the convening authority could only disapprove a sentence of more than six months' confinement or a punitive discharge "pursuant to the terms of the pretrial agreement." *Id.*; *see also* R.C.M. 1107(d)(1)(C)(ii). The PTA in Appellant's case specified, among other things, that the convening authority would approve no more than eight months confinement; it did not include a term providing that the convening authority would disapprove a bad-conduct discharge.[3]

Thus, trial defense counsel's implication—that R.C.M. 1107 allowed the convening authority to reduce confinement beyond the eight months specified in the PTA to the five months requested, and to disapprove the bad-conduct discharge as requested by Appellant—amounted to a misstatement of the law. As noted above, the addendum to the SJAR failed to correct this error.

In reliance on *United States v. Addison*, 75 M.J. 405 (C.A.A.F. 2016) (mem.), and *United States v. Zegarrundo*, ___ M.J. ___, No. ACM S32430, 2018 CCA LEXIS 53 (A.F. Ct. Crim. App. 31 Jan. 2018), Appellant claims that the addendum to the SJAR was erroneous because it failed to correct an error in his own clemency submission. As a general matter, "[w]here trial defense counsel misstates the law in a clemency submission to the convening authority, the staff judge advocate is duty-bound to correct it in the [a]ddendum to ensure that the convening authority exercises that authority in conformity with the law." *United States v. Troester*, No. ACM S32385, 2017 CCA LEXIS 332, at *6 (A.F. Ct. Crim. App. 12 May 2017) (unpub. op.), *rev. denied*, 76 M.J. 429

---

[3] The PTA did specify that the convening authority would approve a bad-conduct discharge if a dishonorable discharge was adjudged and that Appellant would waive his right to a board and accept an administrative discharge with an under other than honorable conditions characterization if no bad-conduct discharge was adjudged.

(C.A.A.F. 2017). In *Addison* and *Zegarrundo,* the failure of the addendum to correct the error in the clemency submission resulted in new post-trial processing. At first blush, it would appear that the addendum's failure to correct the error in this case compels the same result. However, the error in this case was qualitatively different from that of *Addison* and *Zegarrundo*.

In *Addison* and *Zegarrundo*, the appellants' clemency submissions erroneously stated that an amendment to Article 60, UCMJ, limited the discretion of the convening authority. In other words, those convening authorities were wrongly informed by the defense they had *less* discretion than they actually did have, and correspondingly those appellants *failed to request* relief that could have been granted. Prejudice to those appellants manifested itself in their missed opportunity to ask for available relief and potential confusion for the convening authority. Both cases were remanded for new post-trial processing with conflict-free counsel. By contrast here, the convening authority was wrongly informed by Appellant that he had *more* discretion than he actually did have, and correspondingly Appellant requested relief (reduction to five months confinement and no bad-conduct discharge) that the convening authority had *no power* to provide.

Appellant's trial defense counsel erroneously cited R.C.M. 1107 to support the request to the convening authority to approve only five months confinement and disapprove the bad-conduct discharge; a sentence limitation the PTA did not specify, and thus the convening authority could not approve. However, Appellant also requested relief that the convening authority could provide: disapproving the reduction in rank to E-1 in whole or part. Significantly, Appellant made this request in addition to—not instead of—his request for clemency on the confinement and discharge. Unlike the appellants in *Addison* and *Zegarrundo*, who did not ask for relief that the convening authority could have granted, Appellant asked for everything—both relief that the convening authority could have granted and relief that the convening authority could not.

Thus, while we conclude that there was error and it was obvious, Appellant has failed to make "some colorable showing of possible prejudice. . . . in terms of how the [error] potentially affected [his] opportunity for clemency." *Scalo*, 60 M.J. at 437. We determine whether an appellant was prejudiced by a mistake in the SJAR or addendum by considering whether the convening authority "plausibly may have taken action more favorable to" the appellant had he or she been provided accurate or more complete information. *United States v. Johnson*, 26 M.J. 686, 689 (A.C.M.R. 1988), *aff'd*, 28 M.J. 452 (C.M.A. 1989); *see also United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). Because Appellant asked for every form of sentence relief, including relief on the reduction to E-1 that the convening authority could have granted, we do not find it plausible

that the convening authority would have taken action more favorable to Appellant had the convening authority been informed of the misstatement of the law in the clemency submission.

While we are generally concerned that Appellant's trial defense counsel misapplied R.C.M. 1107 in the clemency submission (and may have provided incorrect advice to Appellant regarding possible clemency from the convening authority as to confinement and the bad-conduct discharge), Appellant has failed to demonstrate a "colorable showing of possible prejudice" attributable to the failure of the addendum to correct the misstatement in his clemency submission.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court