# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39773**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Angelo A. CURRY, Jr.**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 22 September 2020

————————————

*Military Judge:* Jefferson B. Brown; Bradley A. Morris.

*Approved sentence:* Bad-conduct discharge, confinement for 1 year, forfeiture of all pay and allowances, reduction to E-1, and a reprimand. Sentence adjudged 12 June 2019 by GCM convened at Joint Base San Antonio-Lackland, Texas.

*For Appellant:* Major Rodrigo M. Caruço, USAF.

*For Appellee:* Lieutenant Colonel Brian C. Mason, USAF; Mary Ellen Payne, Esquire.

Before LEWIS, D. JOHNSON, CADOTTE, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles

59(a) and 66(c), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.[1,2]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[1] Although not raised by Appellant, we note that the staff judge advocate's recommendation (SJAR) erroneously states "[t]he primary evidence against the [Appellant] consisted of testimony by the adult victim and other witness testimony, photographs, and medical evidence. There is no corrective action required in regard to the findings of guilty." In actuality, the primary evidence against the Appellant was his guilty plea and a stipulation of fact. Additionally, the SJAR erroneously interchanges "12 months" with "one year" for the length of confinement. The length of confinement announced by the military judge was "one year." An error in the SJAR "does not result in an automatic return by the appellate court of the case to the convening authority. Instead, an appellate court may determine if the accused has been prejudiced by testing whether the alleged error has any merit and would have led to a favorable recommendation by the SJA or corrective action by the convening authority." *United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996) (citations omitted). Appellant did not raise the erroneous matters contained in the SJAR during clemency or as an assignment of error. Appellant has made no showing of prejudice, and we find none.

[2] We also note, the military judge entered an erroneous finding of "Not Guilty" to Charge I and its sole specification when he announced the findings on the charges and specifications for which Appellant pleaded guilty. Additionally, withdrawal and dismissal was not properly reflected on the charge sheet by lining out Charge I and its specification. Both of these errors were noted by Appellant, but not raised as assignments of error on appeal. Pursuant to the terms of a pretrial agreement, Charge I and its specification was to be withdrawn and dismissed. No evidence was presented with regard to Charge I and its specification. None of the parties acknowledged the erroneous findings announcement during the trial; however, later in the proceeding, the Government requested permission from the military judge to withdraw and dismiss Charge I and its specification. The military judge approved the request. Appellant's submission states "[i]t does not appear Trial Counsel formally withdrew and dismissed Charge I and its specification on the record." Contrary to Appellant's assertion, trial counsel did request to withdraw and dismiss on the record and it was approved by the military judge. However, as Appellant noted, the trial counsel failed to properly reflect dismissal on the charge sheet. Although the charge sheet does not properly reflect dismissal, the SJAR, report of result of trial, and court-martial order all reflect Charge I and its specification was withdrawn and dismissed. Therefore, we discern no material prejudice to Appellant's substantial rights. *See United States v. Rodgers*, 78 M.J. 736 (A.F. Ct. Crim App. 2019), *rev. denied*, 79 M.J. 62 (C.A.A.F. 2019).