# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32502**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Brandon A. LEIDIGH**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 30 April 2019

————————————

*Military Judge:* Tiffany J. Williams.

*Approved sentence:* Bad-conduct discharge, confinement for 90 days, and reduction to E-1. Sentence adjudged 30 October 2017 by SpCM convened at Joint Base Andrews, Maryland.

*For Appellant:* Major Dustin J. Weisman, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Captain Zachary T. West, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, DENNIS, and LEWIS, *Appellate Military Judges.*

Judge LEWIS delivered the opinion of the court, in which Senior Judge JOHNSON and Judge DENNIS joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

LEWIS, Judge:

A military judge convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of one specification of divers wrongful use of cocaine and one specification each of divers wrongful use and wrongful distribution of 3, 4 methylenedioxymethamphetamine (MDMA), in violation of

Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. The military judge sentenced Appellant to a bad-conduct discharge, five months of confinement, and reduction to the grade of E-1. The convening authority reduced the confinement to 90 days pursuant to the PTA and approved the remainder of the adjudged sentence.

Appellant raises one issue on appeal of whether the conditions of his post-trial confinement warrant relief. Additionally, we address whether errors in the staff judge advocate's recommendation (SJAR) warrant relief. We find no error that warrants relief and we affirm the findings and sentence.

## I. BACKGROUND

In early March 2017, Appellant's involvement with illegal drugs came to the attention of the Air Force Office of Special Investigations (AFOSI) at Joint Base Andrews, Maryland. The AFOSI agents seized Appellant's cell phone pursuant to a probable cause search authorization and discovered text messages with civilians and military members indicating Appellant used and distributed illegal drugs. Additionally, a sample of Appellant's hair seized pursuant to a probable cause search authorization tested positive for cocaine and MDMA. At trial, Appellant admitted to using cocaine and MDMA on divers occasions and to distributing MDMA on divers occasions between 1 March 2016 and 24 March 2017.

After Appellant's trial concluded on 30 October 2017, he spent two full days and part of two days in post-trial confinement at the Prince George's County (Maryland) Detention Center (PGCDC) prior to his transfer to a military confinement facility. Appellant first complained about his post-trial confinement conditions on 18 December 2017 when he submitted matters in clemency to the convening authority. Appellant described his post-trial confinement at PGCDC as follows: (1) his cell had profanity and racial epithets scribbled all over the walls; (2) his cell was filthy with food crumbs all over the bed and floor; (3) his toilet did not work for most of his confinement time, which made the cell smell awful; (4) the water from the sink had a film on it; (5) the food was terrible; (6) he did not receive a pillow, which caused him back pain; (7) he spent approximately one hour in total outside of his cell; (8) he was permitted to take only one shower; (9) unapproachable guards denied his requests to use a phone; and (10) other incarcerated persons constantly screamed insults and profanities at him. Appellant's trial defense counsel wrote a letter to the convening authority and noted other military members confined at PGCDC received confinement credit or early release because of

similar confinement conditions.[1] Appellant requested the convening authority reduce his confinement to 81 days. The convening authority declined to do so and only reduced Appellant's confinement to 90 days as required by the PTA.

## II. DISCUSSION

### A. Post-trial Confinement Conditions

#### 1. Additional Background

On appeal, Appellant characterizes his confinement at PGCDC as "solitary confinement" and alleges he was held in "isolation for approximately 71 out of the 72 hours" he spent there. Appellant alleges the PGCDC's failure to provide a pillow, working toilet, daily shower time, and other safe and sanitary conditions violated Air Force Instruction (AFI) 31–105, *Air Force Correction System*, ¶¶ 1.2–1.3, A3.1–A3.3 (15 Jun. 2015), and the terms of the contract between the Air Force and PGCDC. Appellant acknowledges that he did not file an Article 138, UCMJ, 10 U.S.C. § 938, complaint but states it would have been "futile" because a commander has several weeks to act on the complaint and his confinement at PGCDC was too short to process the complaint. Appellant avers that he informed the PGCDC guards about his confinement conditions, "but they did not care."

We granted the Government's motion to attach three declarations, which are relevant to our discussion of Appellant's post-trial confinement conditions. The first declaration is from Captain TL of the Joint Base Andrews legal office and confirms there is no record of an Article 138 complaint from Appellant related to his post-trial confinement conditions. The second declaration is from Lieutenant (Lt) SM, the Legal Affairs Section Commander for PGCDC. Lt SM states that Appellant was placed not in solitary confinement but in an administrative segregation status where he received one hour outside of his cell for every 24-hour period. Lt SM also explained that all incarcerated persons have access to a handbook setting out the process for complaints and grievances. Lt SM researched and discovered that Appellant did not submit any complaints regarding his cell conditions, toilet or sink functioning, his ability to take a shower, his ability to make phone calls, or the amount of time permitted outside of his cell. Lt SM stated PGCDC records show Appellant took his one-hour

---

[1] Appellant cited a recent example from February 2017 when a military judge awarded confinement credit for conditions at the PGCDC. During our review of that case on appeal, we noted the military judge granted two-for-one confinement credit pursuant to an unopposed post-trial motion by trial defense counsel. *United States v. Millhausen*, No. ACM 39273, 2018 CCA LEXIS 387, at *20 (A.F. Ct. Crim. App. 15 Aug. 2018) (unpub. op.).

"recreation time" on 31 October 2017 and 2 November 2017. Finally, Lt SM explained that all PGCDC mattresses come equipped with a built-in pillow.

SSgt JG, the noncommissioned officer in charge (NCOIC) of confinement at Joint Base Andrews, provided the third declaration. SSgt JG stated that Appellant was housed in the same unit at PGCDC used for political figures and law enforcement officials. SSgt JG noted that, in his experience, properly filed grievances at PGCDC, like the working condition of a toilet, are investigated within 24 hours by the Manager of Population Management. SSgt JG also noted that Appellant would have been allowed to make collect phone calls while at PGCDC. Most importantly, SSgt JG stated that he escorted Appellant from PGCDC when Appellant was transferred to a military confinement facility. SSgt JG inquired about Appellant's confinement conditions at PGCDC and learned of only two complaints Appellant had: (1) another incarcerated person kept him awake by continuously screaming; and (2) confinement was very boring.

### 2. Law

On appeal, Appellant raises only Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2016), as grounds for sentence relief.[2] Under Article 66(c), UCMJ, we have broad authority and the mandate to approve only so much of the sentence as we find appropriate in law and fact and may therefore grant sentence relief, even without finding an Eighth Amendment or Article 55, UCMJ, violation. *United States v. Gay,* 74 M.J. 736, 742 (A.F. Ct. Crim. App. 2015)*, aff'd,* 75 M.J. 264 (C.A.A.F. 2016); *see United States v. Tardif*, 57 M.J. 219, 223 (C.A.A.F. 2002). When this court considers judicial relief under Article 66(c), UCMJ, for conditions of post-trial confinement, we have not strictly required an appellant to demonstrate that he has, absent unusual or egregious circumstances, previously exhausted administrative remedies. *See United States v. Kyc*, No. ACM S32391, 2017 CCA LEXIS 376, at \*13–14 (A.F. Ct. Crim. App. 30 May 2017) (unpub. op.). We instead consider the entire record and typically give "significant weight" to an appellant's failure to seek administrative relief prior to invoking judicial intervention while recognizing the limits of our authority. *United States v. Bailey*, No. ACM S32389, 2017 CCA LEXIS 604, at \*11 (A.F. Ct. Crim. App. 11 Sep. 2017) (unpub. op.), *rev. denied*, 77 M.J. 264 (C.A.A.F. 2018) (mem.).

### 3. Analysis

To the extent there are contradictions between Appellant's clemency submission and the declarations of Lt SM and SSgt JG, we considered whether a

---

[2] In clemency, Appellant alleged his confinement conditions violated the Eighth Amendment, U.S. CONST. amend. VIII, and Article 55, UCMJ, 10 U.S.C. § 855.

post-trial evidentiary hearing was required to resolve a factual dispute. *United States v. Ginn*, 47 M.J. 236, 248 (C.A.A.F. 1997). We are convinced such a hearing is unnecessary. Even if we resolve the contradictions in Appellant's favor, the alleged conditions would not result in relief. *Id.*

We agree that Appellant's post-trial confinement conditions were highly unpleasant. But we also find Appellant did not use the prisoner grievance system in place at PGCDC to resolve his complaints. Appellant does not assert that he was denied access to the handbook, which explained PGCDC's process for grievances and complaints. Additionally, Appellant does not assert that he complained to SSgt JG about his confinement conditions when he was being transferred to a military confinement facility and that his complaints went unresolved. Not only was SSgt JG the confinement NCOIC, but he was also a member of Appellant's squadron and wrote a character letter for Appellant that was admitted as a defense sentencing exhibit during trial. We acknowledge that an Article 138 complaint may not have resulted in timely relief, but Appellant has not shown how the existing PGCDC process for complaints failed him, and he has not shown that his complaints were raised to and ignored by SSgt JG. If Appellant had complained to PGCDC officials using their existing complaint process and advised SSgt JG of his complaints, each would have had an opportunity to make immediate inquiries and, if necessary, take corrective actions. Using the existing complaint process in a timely fashion would have benefitted the contracting officer, the staff judge advocate (SJA), the convening authority, and this court.

After considering the facts and circumstances in the present case, we decline to provide sentence relief under Article 66(c), UCMJ. As this court observed in *United States v. Ferrando*:

> While we have granted sentence relief based upon conditions of post-trial confinement where a legal deficiency existed, we are not a clearing house for post-trial confinement complaints or grievances. Only in very rare circumstances do we anticipate granting sentence relief when there is no violation of the Eighth Amendment or Article 55, UCMJ.

77 M.J. 506, 517 (A.F. Ct. Crim. App. 2017) (citations omitted), *rev. denied*, 77 M.J. 277 (C.A.A.F. 2018). This case does not present those very rare circumstances.

## B. SJAR Errors

### 1. Additional Background

During trial, the Prosecution offered Appellant's personal data sheet (PDS) into evidence, which listed "N/A" for his combat service. The Defense raised no objection and the military judge admitted the PDS. Other exhibits admitted

into evidence, such as an enlisted performance report and a character letter, reflected Appellant's deployment to Jordan in the fall of 2015. Finally, Appellant mentioned his deployment in his oral unsworn statement before the military judge.

The PDS attached to the SJAR also listed "N/A" for Appellant's combat service. Appellant raised no objection during clemency, but he did reference the Jordan deployment in his letter to the convening authority. Also, he attached to his clemency submission the character letter admitted during trial that referenced the deployment.

Finally, Appellant raised no objection to the SJAR's recitation of maximum punishment, which stated, *inter alia*, the following:

> The maximum imposable sentence for the offenses for which the accused was convicted is confinement for 1 year, *forfeiture of two-thirds pay per month for 12 months*, reduction to the grade of E-1, *a fine*, and a bad conduct discharge.

(Emphasis added).

### 2. Law

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted).

"Failure to timely comment on matters in the SJAR, or matters attached to the recommendation, forfeits any later claim of error in the absence of plain error." *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (citing Rule for Courts-Martial (R.C.M.) 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). To prevail under a plain error analysis, an appellant must show (1) there was an error; (2) the error was plain and obvious; and (3) the error materially prejudiced a substantial right. *Id.* (citation omitted). The threshold for establishing prejudice from errors impacting an appellant's request for clemency from the convening authority is low, even in the context of plain error analysis, but there must be "some colorable showing of possible prejudice." *Id.* (citing *Scalo*, 60 M.J. at 437).

### 3. Analysis

#### a. PDS Error

The required contents of the SJAR include a copy of the report of results of the trial, setting forth, *inter alia*, the findings, sentence, and confinement credit to be applied; a copy or summary of the PTA, if any; and the SJA's concise

recommendation. R.C.M. 1106(d)(2)–(3).[3] "Although the Rules for Courts-Martial do not explicitly require mention of an accused's . . . combat service, where a summary of the accused's service record is prepared, that summary must be accurate." *United States v. Parker*, 73 M.J. 914, 921 (A.F. Ct. Crim. App. 2014) (footnote omitted).

In an Air Force case, the SJAR should also contain a copy of the PDS admitted at trial. AFI 51–201, *Administration of Military Justice*, ¶ 9.16 (6 Jun. 2013, as amended by AFGM 2016-01, 3 Aug. 2016). Before a convening authority may take action on a sentence, the convening authority must consider the SJAR. R.C.M. 1107(b)(3)(A)(ii). An error in the SJAR "does not result in an automatic return by the appellate court of the case to the convening authority." *United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996). "Instead, an appellate court may determine if the accused has been prejudiced by testing whether the alleged error . . . would have led to a favorable recommendation by the SJA or corrective action by the convening authority." *Id.* (citations omitted).

The PDS admitted during sentencing at Appellant's trial did not identify his deployment to Jordan as combat service. This was error. *See* AFI 51–201, Figure 3.7 n.4 (requiring identification of service for which the member was awarded special pay for duty subject to hostile fire or imminent danger); Department of Defense 7000.14-R, *Financial Management Regulation* (DoD FMR), Volume 7A, Chapter 10, Figure 10–1 (November 2016). Our review of Figure 10–1 of the DoD FMR leads us to conclude that Appellant was entitled to special pay as the land area of Jordan was designated an imminent danger pay area during his deployment in the fall of 2015. Therefore, his PDS should have listed the deployment location and dates under combat service in accordance with AFI 51–201. In *Parker*, we found the failure to include a deployment to Al Udeid Air Base, Qatar, on a PDS to be plain and obvious error. *Parker*, 73 M.J. at 921. We similarly find plain and obvious error here.

During trial and clemency and on appeal, Appellant consistently raised no objection to the PDS error of his combat service. He has not attempted to show that he would have received a favorable recommendation by the SJA or corrective action by the convening authority without the error. As Appellant's letter during clemency and the character letter submitted by SSgt JG, both referenced his deployment as a member of security forces and the location of the deployment as Jordan, we find no colorable showing of possible prejudice from the PDS error. *See Scalo*, 60 M.J. at 436–37.

---

[3] All references to the Rules for Courts-Martial in this opinion are from the 2016 edition of the Manual for Courts-Martial, which applied during Appellant's trial and clemency. *See Manual for Courts-Martial, United States,* pt. II (2016 ed.).

### b. Maximum Punishment

R.C.M. 1003(b)(3) provides, in pertinent part:

> Any court-martial may adjudge a fine in lieu of or in addition to forfeitures. In the case of a member of the armed forces, summary and special courts-martial may not adjudge any fine or combination of fine and forfeitures in excess of the total amount of forfeitures that may be adjudged in that case.

The maximum forfeiture that a special court-martial may adjudge is two-thirds pay per month for 12 months. R.C.M. 201(f)(2)(B)(i). Therefore, Appellant "could not have been sentenced to a fine in addition to forfeiture of two-thirds pay per month for 12 months." *United States v. Books*, No. ACM S32369, 2017 CCA LEXIS 226, at *7 (31 Mar. 2017) (unpub. op.). As was the case in *Books*, we find this was clear error. *See id.* Appellant has not asserted and we find no colorable showing of possible prejudice under the facts of this case. *See United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000). The military judge did not include a fine when she advised Appellant of the maximum punishment during his trial. Further, the military judge did not adjudge a fine or forfeiture of pay. Therefore, the convening authority was not required to make a decision during clemency to approve a combination of a fine *and* forfeiture of pay. Accordingly, we find this error does not warrant relief.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c) (2016). Accordingly, the findings and sentence are **AFFIRMED**.[4]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[4] We note two errors in the promulgating order. First, the Charge is incorrectly listed as a violation of Article 112 instead of Article 112a, UCMJ. Second, the words "an unknown quantity of" are missing from Specification 3 of the Charge. We direct the publication of a corrected court-martial order to remedy the errors.